IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **DAQUAVIAN MCKNIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Civil Action, Case No.:  5:22CV-154-BJB |
| **OFFICER ALEXANDER CORTEZ,** ) | |
| *individually*; **OFFICER ZACHARY LAMBLIN,** ) | **JURY DEMAND** |
| *individually*; **CHIEF CLAYON SUMNER,** ) | |
| *individually*; and **THE CITY OF** ) | |
| **HOPKINSVILLE, KENTUCKY,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, DaQuavian McKnight, by and through his undersigned counsel, and for his Complaint states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States brought for violations of the First and Fourth Amendments to the United States Constitution via 42 U.S.C. § 1983 for retaliation in violation of the First Amendment, illegal search and seizure, and deliberate indifference to the consequences of hiring and failing to adequately train and/or supervise a police officer.

### THE PARTIES

2. Plaintiff DaQuavian McKnight is a resident of Hopkinsville, Christian County, Kentucky.

3. Defendant Officer Alexander Cortez was, at all relevant times, employed by Hopkinsville Police Department. Defendant Cortez may be served at 101 North Main Street, Hopkinsville, KY 42240.

4. Defendant Officer Zachary Lamblin was, at all relevant times, employed by Hopkinsville Police Department. Defendant Lamblin may be served at 101 North Main Street, Hopkinsville, KY 42240.

5. Defendant Clayton Sumner is the Chief of Police who oversees the daily operations of the Hopkinsville Police Department. Defendant Sumner may be served at 101 North Main Street, Hopkinsville, KY 42240.

6. Defendant City of Hopkinsville is a political subdivision of the Commonwealth of Kentucky. Defendant City of Hopkinsville's registered agent is Mayor Wendell Lynch, who may be served at Hopkinsville Municipal Center, Second Floor, 715 South Virginia Street, Hopkinsville, KY 42240.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Mr. McKnight's claims pursuant to the First and Fourth Amendments to the United States Constitution and 42 U.S.C. § 1983 because they raise federal questions pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts giving rise to this lawsuit occurred in Christian County, Kentucky, which located within this judicial district.

## FACTUAL BACKGROUND

9. Defendants Cortez and Lamblin were, at all relevant times, police officers employed by the Hopkinsville Police Department under the supervision of Defendant Sumner.

10. After dropping off his son at daycare on the morning of August 3, 2022, Mr. McKnight and his girlfriend, Zakia Osborne, noticed a Hopkinsville police officer following them for several miles from Indian Hills to the other side of Hopkinsville.

11. Eventually, Defendant Lamblin pulled the pair over in downtown Hopkinsville and said they were being pulled over for a seatbelt violation.

12. Mr. McKnight immediately informed Defendant Lamblin that he had a properly registered concealed weapon in the car.

13. Defendant Lamblin immediately ordered the pair out of the car, at which time Ms. Osborne began surreptitiously recording the interaction on her cell phone.

14. Defendant Lamblin ran the weapon's serial number through the appropriate agency search programs and determined, as Mr. McKnight had said, that Mr. McKnight lawfully possessed the weapon.

15. Defendant Lamblin then said he believed he smelled marijuana in the car and asked to search Mr. McKnight's vehicle.

16. Mr. McKnight consented to the search because he had nothing to hide.

17. Around this time, Defendant Cortez arrived to assist as Defendant Lamblin began the search.

18. As these events were occurring, Mr. McKnight was using his cell phone to respond to messages sent by parents of a travel basketball team he coaches.

19. Defendant Cortez ordered Mr. McKnight to turn off his phone and stated that Mr. McKnight "cannot be recording on his phone" and that he "didn't want anyone else pulling up to see what was going on."

20. Mr. McKnight asked Defendant Cortez to clarify why he could not record the interaction and asked what law prevented him from recording, but Defendant Cortez refused to provide a proper answer.

21. Nevertheless, Mr. McKnight did put his phone away for a time because he had no more messages to return.

22. Defendant Lamblin then finished the search and reported that he had found nothing illegal, but was going to write Mr. McKnight a ticket for a seatbelt violation.

23. Mr. McKnight then attempted to go live on Facebook to record the event, at which time Defendant Cortez said he "thought [he] had told [Mr. McKnight] to stay off of the cell phone," or similar words.

24. Defendant Cortez then squeezed Mr. McKnight's free hand and forcefully grabbed and seized the cell phone out of Mr. McKnight's other hand.

25. Mr. McKnight said he knew his rights and that he knew what was happening was illegal, at which time Defendant Cortez told him to "exercise your Fifth Amendment rights during the search" or similar words.

26. Defendant Cortez placed the cell phone in his car and refused to return it to Mr. McKnight until Defendant Lamblin finished the search and issued the citation.

27. Defendant Lamblin only issued a citation for a seatbelt violation, but identified a vehicle different than the one Mr. McKnight had been driving.

28. After the citation, Defendant Cortez returned the cell phone to Mr. McKnight and ordered Mr. McKnight and Ms. Osborne back into the vehicle to leave.

29. Mr. McKnight attempted to pay the citation online, but he was told that he could not do so and he was not on the docket for the date noticed for his hearing, resulting in Mr. McKnight's license being suspended as he had no way to attend court in person on the date for which the hearing was rescheduled.

## COUNT I

### RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

### (Defendant Lamblin, individually)

30. Mr. McKnight realleges and incorporates herein the allegations contained in Paragraphs 1 – 29.

31. Mr. McKnight had a well-established First Amendment right to question or criticize a police officer in a peaceful, non-threatening manner.

32. Mr. McKnight's statements and criticisms were protected speech constituting a legitimate criticism of a government officer.

33. Mr. McKnight's speech did not contain any "fighting words" or constitute a breach of the peace.

34. Only after Mr. McKnight's criticisms of Defendant Lamblin did Defendant Lamblin decide to cite Mr. McKnight for the seatbelt violation.

35. Mr. McKnight suffered damages as a result of Defendant Lamblin's unlawful actions based upon Mr. McKnight's speech.

36. The rule that police may not ticket or arrest individuals based upon their speech is well known and established.

37. Defendant's actions in ticketing Mr. McKnight because of his speech that later resulted in Mr. McKnight's license being suspended were adverse actions against Mr. McKnight that are likely to chill free speech.

## COUNT II

### ILLEGAL SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT

### (Defendant Cortez, individually)

38. Mr. McKnight realleges and incorporates herein the allegations contained in Paragraphs 1 – 37.

39. Defendant Cortez was assisting Defendant Lamblin during the search of Mr. McKnight's car.

40. Defendant Cortez had no reason to believe that Mr. McKnight's cell phone contained evidence of any offenses Mr. McKnight was suspected of committing nor did he have a reasonable belief that Mr. McKnight was dangerous and, as result, Defendant Cortez lacked the authority to seize Mr. McKnight's cell phone.

41. Mr. McKnight suffered damages as a result of Defendant Cortez's unlawful search and seizure.

42. The rule that police may only seize property without a warrant based on a reasonable belief that the property is evidence of a crime and that it may be destroyed if not immediately seized is well known and established.

## COUNT III

### DEPRIVATION OF THE RIGHT TO SPEAK OR RECORD POLICE ACTIVITY IN VIOLATION OF THE FIRST AMENDMENT

### (Defendant Cortez, individually)

43. Mr. McKnight realleges and incorporates herein the allegations contained in paragraphs 1 – 42.

44. Defendant Cortez ordered Mr. McKnight to put away his cell phone and prohibited him from recording the interaction.

45. Mr. McKnight attempted to record the interaction, at which time Defendant Cortez forcefully and unlawfully seized Mr. McKnight's cell phone to prevent Mr. McKnight from lawfully recording the interaction.

46. Defendant Cortez's unlawful seizure resulting from Mr. McKnight's attempt to record the police in a manner protected by the First Amendment was an adverse action against Mr. McKnight that was likely to chill free speech and to deprive the public of the ability to evaluate police activity.

47. Mr. McKnight suffered damages as a result of Defendant Cortez's unlawful actions based on his speech.

48. The rule that police may not retaliate against individuals based upon their speech is well known and established.

## COUNT IV

### DELIBERATE INDIFFERENCE TO FAILING TO TRAIN AND/OR SUPERVISE DEFENDANTS LAMBLIN AND CORTEZ

**(Defendants Sumner, individually, and City of Hopkinsville)**

49. Mr. McKnight realleges and incorporates herein the allegations contained in Paragraphs 1 – 48.

50. Defendants Sumner and City of Hopkinsville, upon information and belief, had a custom or policy of failing to provide officers such as Defendants Lamblin and Cortez with proper training regarding permissible bases for seizing personal property of those who question an officer's actions and of failing to properly supervise such officers.

51. Additionally, upon information and belief, other officers of Defendant City of Hopkinsville's Police Department have issued similar retaliatory citations and made similar baseless seizures in the past, resulting in violations of federal rights which Defendants Sumner and City of Hopkinsville have tolerated or permitted.

52. Mr. McKnight suffered damages as a result of Defendant Sumner and City of Hopkinsville's failure to train and/or supervise Defendants Lamblin and Cortez.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendants be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the financial losses he incurred due to these events, in an amount to be proven at trial;

4. That Plaintiff be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial;

5. That the court award punitive damages;

6. That the Court award Plaintiff his costs and attorneys' fees to be assessed against Defendants, jointly and severally, pursuant to 42 U.S.C. § 1988;

7. That costs and discretionary costs be taxed against Defendants, jointly and severally;

8. That pre-Judgment and post-Judgment interest be assessed against Defendants, jointly and severally, as provided by law;

9. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

10. For such and further relief as the Court may find appropriate.

Respectfully submitted,

/s D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714
IL ARDC # 6322019

Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY  42003
Voice: (270) 443-9401
Fax:    (270) 596-1082

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*DaQuavian McKnight*